UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL CELLA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:24-cv-00814-TWP-MKK |
| LILLY USA LLC, THE LILLY SEVERANCE PAYMENT PLAN, THE LILLY SEVERANCE PAY PLAN, | ) ) ) ) ) |
| Defendants. | ) |

### ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFENDANT'S MOTION FOR LEAVE TO FILE ANSWER TO COUNT I

This matter is before the Court on a Motion for Entry of Default as to the Lilly Severance Pay Plan (Filing No. 72) filed by Plaintiff Daniel Cella ("Cella"), and on a Motion for Leave to File Answer to Count I of Plaintiff's Second Amended Complaint (Filing No. 74) filed by Defendant the Lilly Severance Pay Plan ("the Plan"). After the Plan failed to file an answer to Count I of the Second Amended Complaint, Cella requested that the Clerk enter default against the Plan for failure to plead or otherwise defend pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Two days later, the Plan opposed the Motion for Entry of Default and filed its request for leave. For the following reasons, Cella's Motion for Entry of Default is **denied** and the Plan's Motion for Leave to File Answer is **granted**.

### I.      BACKGROUND

Cella initiated this action in May 2024 after he was terminated from Lilly USA LLC ("Lilly"). (Filing No. 1). After twice amending the original complaint, Cella filed the Second Amended Complaint (Filing No. 21), which contains two causes of action. Count I raises a claim under Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29

U.S.C. § 1132(a)(1)(B), and seeks to recover benefits Cella was allegedly owed under the Plan. Count II alleges Lilly interfered with his benefits under Section 510 of ERISA, 29 U.S.C. § 1140, and seeks monetary damages and restitution against Lilly.

Cella served the Second Amended Complaint on Defendants Lilly and the Plan (collectively, "Defendants") on July 15, 2024. (*See* Filing No. 21). Defendants timely moved to dismiss Count II for failure to state a claim on July 29, 2024, but neglected to file an answer to Count I. The parties then filed a Case Management Plan outlining their positions and defenses with respect to both counts and the discovery process. (Filing No. 26). Liability discovery was to be completed by March 14, 2025, and dispositive motions were to be due on May 14, 2025. *Id.* at 6. Defendants noted they anticipated moving for summary judgment on Count I. *Id.* at 5.

Defendants filed a Motion to Stay Discovery and Case Management Deadlines pending resolution of the Motion to Dismiss. (Filing No. 30). The Magistrate Judge denied that motion, (Filing No. 46), and the matter proceeded according to the original case management deadlines, (*see* Filing No. 75-1 at ¶¶ 4(d)-(i)). Defendants timely served on Cella their initial disclosures, witness and exhibit lists, and produced the Administrative Record for the § 502(a)(1)(B) claim in Count I. *Id.* Cella served on Defendant initial disclosures and preliminary discovery requests.

On February 11, 2025, the Court granted Defendants' Motion to Dismiss and dismissed Count II with prejudice. (Filing No. 62). Despite having never filed an answer to Count I, the parties continued to litigate the matter as though only Count I was still in dispute. The parties discussed Cella's outstanding discovery requests with respect to that claim, and Cella informed Defendants he would be withdrawing those requests. (Filing No. 75-4 at 1). In addition, the parties filed a joint notice requesting the case be set for a bench trial on the § 502(a)(1)(B) claim,

2

(Filing No. 68), and Defendants reiterated their intent to file a summary judgment motion on the remaining claim, (Filing No. 75-6 at 2-3).

On May 13, 2025, Cella filed a Motion for Entry of Default against the Plan for failure to defend against the claim in Count I. (Filing No. 72). The same day, the Defendants timely filed a Motion for Summary Judgment on Count I. (Filing No. 73). Two days later, the Plan filed a Motion for Leave to File Answer to Count I of the Second Amended Complaint (Filing No. 74) and an Opposition to Plaintiff's Motion for Entry of Default (Filing No. 75).

Cella's Motion for Entry of Default and Defendant's Motion for Leave are now ripe for the Court's review. In its request for leave, the Plan incorporates by reference the arguments raised in its opposition to Cella's motion for entry of default. (Filing No. 74 ¶ 3). The Defendant says it failed to timely file its answer following the Court's order dismissing Count II because the paralegal assigned to the case did not enter the deadline in counsel's calendar. (Filing No. 75-1 ¶ 5). In opposing the request, Cella acknowledges that if the Court grants the Plan's Motion for Leave, the Motion for Entry of Default "will effectively be moot." (Filing No. 78 at 6 n.1).

## II.   LEGAL STANDARDS

The Court may, for good cause, excuse a missed deadline and extend the time for filing for "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The excusable neglect standard "requires an elastic and equitable determination that can 'encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" *Thomas v. Brinker*, No. 1:09-cv-01516, 2012 WL 130408, at *5 (S.D. Ind. Jan. 17, 2012) (quoting *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 355–56 (7th Cir. 1997)). The Court must consider "all relevant circumstances surrounding the party's omission" including "the danger of prejudice to the [plaintiff], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was

3

within the reasonable control of the movant, and whether the movant acted in good faith." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) (citing *Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

### III.  DISCUSSION

The Court finds the Plan's failure to timely file an answer to Count I was the result of excusable neglect. First, there has been no prejudice to Cella because of the Plan's omission. Cella has been aware of the Plan's position with respect to the § 502(a)(1)(B) claim since the filing of the Case Management Plan in August 2024 and litigated the case as if that claim remained active. The Plan's failure to file an answer to Count I had no effect on Cella's ability to respond to discovery requests with respect to that claim, submit its own discovery requests, respond to the Motion to Dismiss, confer with defense counsel regarding miscellaneous trial matters, or otherwise impact the case management deadlines. Although Cella noted the lack of an answer in his opposition to the Motion to Dismiss, he did nothing to mitigate any potential prejudice from that point forward; indeed, his counsel engaged with defense counsel regarding how the case should proceed with respect to Count I, agreeing to withdraw his outstanding discovery requests, exchange witness lists, and proceed with a bench trial following the Court's dismissal of Count II. Notwithstanding the Plan's failure, the Defendants timely filed a summary judgment motion with respect to Count I, and Cella timely filed his response shortly thereafter. That motion remains pending, and Cella has fulfilled his duties in that respect.

Second, with respect to the length of the delay, the parties dispute the deadline by which the Plan was required to file and answer to Count I. Cella argues the answer was due on August 5, 2024, or within twenty-one days after the date on which the Plan was served with a copy of the Second Amended Complaint, so the Plan was delayed by nine months. (Filing No. 78 ¶ 49, citing

Fed. R. Civ. P. 12(a)(1)(A)(i)).  Defendant contends the answer was due no later than February 25, 2025, and the delay lasted merely two months because a partial motion to dismiss tolls the time within which a party must respond to claims not challenged in the motion.  (Filing No. 79 at 10–11).

The Court agrees with the Plan.  Although Rule 12(a) usually requires defendants to serve an answer within twenty-one days after being served with the complaint, this Court has recognized an exception, followed by a majority of other courts in this circuit, when the defendant files a partial motion to dismiss.  *See Richter v. Corporate Fin. Assocs., LLC*, No., 2007 WL 1164649, at *2 (S.D. Ind. Apr. 19, 2007) ("The majority of decisions have concluded that a partial motion to dismiss tolls the time within which a defendant must answer with respect to the claims not challenged in the motion." (collecting cases)).  Because Defendants filed a partial motion to dismiss Count II only, the answer to Count I was due fourteen (14) days after the Court's ruling on the Motion to Dismiss, making the due date for filing Feburary 25, 2025.  *See* Fed. R. Civ. P. 12(a)(4)(A); *see also McNeal v. McLean Cnty. Bd.*, No. 1:20-cv-1413, 2021 WL 5856139, at *3 (C.D. Ill. Dec. 9, 2021) (finding that the tolling of the answer deadline following a partial motion to dismiss "is the logical extension of the principle found in Federal Rule of Civil Procedure 12(a)(4)(A)").  In any event, the delay, regardless of its length, had no impact on the proceedings here.  As noted above, both parties have actively litigated the case as if Count I was still in dispute from the filing of the Second Amended Complaint to the filing of Defendants' Motion for Summary Judgment.  The Court sees no reason why the case should not proceed on the merits under these circumstances.

Third, Defendant cites as the reason for the delay a paralegal's failure to input the deadline in the firm's calendar.  (Filing No. 75-1 ¶ 5).  Though legal ethics rules "prohibit lawyers from

5

disavowing responsibility for an assistant's conduct," *Waldon v. Wal-Mart Stores, Inc., Store Number 1655*, 943 F.3d 818, 824 (7th Cir. 2019) (citing Ind. R. Pro. Conduct 5.3), the mistake appears to have arisen from counsel's mere negligence rather than Defendant's willful disregard of the Court's deadlines. *See Boctking v. United States*, No. 3:10-cv10, 2010 WL 2265310, at *2 (S.D. Ind. June 2, 2010) (finding good cause to set aside entry of default where Defendants cited calendaring error for failure to answer complaint on time); *see also Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) (finding good cause to excuse default where defendant inadvertently failed to respond to the complaint when its employees who received the documents failed to understand their import, and defendant responded quickly to the entry of default). Cella provides no evidence to the contrary, and the lack of prejudice to the Cella and limited impact on the proceedings outweigh the oversight by the attorneys in this case. *Cf. Barber v. Endress+Hauser Flowtec AG, Inc.*, No. 1:18-cv-00706, 2020 WL 13554024, at *2 (S.D. Ind. Jan. 10, 2020) (failure to name witness until four months past the deadline egregious and inexcusable given protracted discovery and overall delay in case management); *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020) (neglect inexcusable where defendant failed to offer any explanation for counsel's two-year delay in filing summary judgment motion).

Finally, Cella offers no evidence that Defendant acted in bad faith, and the Court finds no evidence in the record to that effect. Lilly and the Plan acted according to the deadlines set forth in the case management plan and saw to it that Cella did the same. Thus, the error was harmless and excusable under these circumstances.

At this juncture, "it would make little sense to enter a default" where the parties have litigated Count I as though it were still in dispute, the delay was short and caused little injury, and the defaulting party acted in good faith. *Mommaerts v. Hartford Life and Accident Ins. Co.*, 472

F.3d 967, 968 (7th Cir. 2007). Accordingly, the Plan should be able to submit a belated answer and continue to litigate the case on the merits. Because the motions are "intertwined" and the Plan's motion for leave is **granted**, the Motion for Entry of Default is **denied as moot**.

### IV.     CONCLUSION

For the reasons explained above, Plaintiff Daniel Cella's Motion for Entry of Default as to the Lilly Severance Pay Plan (Filing No. 72) is **DENIED**. Defendant the Lilly Severance Pay Plan's Motion for Leave to File Answer to Count I of Plaintiff's Second Amended Complaint (Filing No. 74) is **GRANTED**. The clerk is directed to accept as duly filed the Answer filed at docket number 74-1.

**SO ORDERED**.

Date:   8/11/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Kimberly D. Jeselskis
JESELSKIS BRINKERHOFF AND JOSEPH LLC
kjeselskis@jbjlegal.com

Kara P. Wheatley
Groom Law Group, Chartered
kwheatley@groom.com

Mary Caroline Wood
Groom Law Group, Chartered
cwood@groom.com